UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PATRICIA LORELLI,

*Plaintiff,*

– against –

WOODLANDS APARTMENT CORP.,
GREENVIEW PROPERTIES, INC.,
BOARD OF DIRECTORS OF THE
WOODLANDS A PRIVATE
COMMUNITY.,

*Defendants.*

**ORDER**
24-cv-05606 (NCM) (ARL)

**NATASHA C. MERLE**, United States District Judge:

On March 31, 2026, the Court issued an Order on motions to dismiss brought by Woodlands Apartment Corp., Greenview Properties Inc., and Board of Directors of the Woodlands Apartment Corp. (collectively "Woodlands Defendants"), and others. Mem. & Order on Mots. to Dismiss, ECF No. 65. The Court's Order dismissed plaintiff's Amended Complaint, ECF No. 22, with leave to amend certain causes of action against Woodlands Defendants only. Mem. & Order on Mots. to Dismiss 29.[1] Woodlands Defendants now timely move for partial reconsideration of the Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See* Mot. for Reconsideration ("Motion"), ECF No. 66. The Court assumes familiarity with the alleged facts and procedural history of this action. *See* Mem.

---

[1]   Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

& Order on Mots. to Dismiss 2–5. For the reasons stated below, Woodlands Defendants' Motion is **DENIED**.

A motion for reconsideration "is an extraordinary request that is granted only in rare circumstances." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019).[2] Relevant here, Rule 60(b) provides for relief from a final judgment, order, or proceeding in the case of "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6).[3] Woodlands Defendants seek reconsideration of the Court's Order that dismissed plaintiff's complaint but permitted plaintiff to amend certain claims against defendants.

The Court has broad discretion to permit amendment of a complaint. *See Jackson v. Caribbean Cruise Line, Inc.*, 88 F. Supp. 3d 129, 139 (E.D.N.Y. 2015) ("A district court's discretion to [sua sponte] grant [plaintiff leave to replead] is broad, and depends on many factors, including undue delay, bad faith or dilatory motive[,] repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." (quoting *Transaero, Inc. v. Chappell*, No. 13-cv-05752, 2014 WL 1783732, at *7 (E.D.N.Y. May 6, 2014)); *Secure Source Claims Co., LLC v. Miller*, No. 22-cv-09764, 2024 WL 1342804, at *9 (S.D.N.Y. Mar. 29, 2024) ("The Second Circuit strongly favors liberal grant of an

---

[2]     Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

[3]     A party seeking reconsideration may not rely on both Rule 60(b)(1) and Rule 60(b)(6), which are "mutually exclusive." *Mandala v. NTT Data, Inc.*, 88 F. 4th 353, 359 (2d Cir. 2023); *see also McCoy v. Admin. for Child.'s Servs*, No. 23-cv-03019, 2024 WL 1616556, at *2 n.3 (E.D.N.Y. Aug. 9, 2024) ("[Plaintiff] may not rely on both Rule 60(b)(1), providing relief on the basis of mistake, inadvertence, surprise, or excusable neglect, and the catchall Rule 60(b)(6).”). Woodlands Defendants' Motion refers to a correction of a "clerical mistake." Mot. 4. The Court, however, construes the Motion as premised on Rule 60's catchall provision—Rule 60(b)(6)—as Woodlands Defendants' arguments rely on this provision alone. *See* Mot. 5.

opportunity to replead after dismissal of a complaint under Rule 12(b)(6)." (quoting *Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 107 (2d Cir. 2022)); *JoySuds, LLC v. N.V. Labs, Inc.*, 668 F. Supp. 3d 240, 262 (S.D.N.Y. 2023) (granting leave to file a second amended complaint sua sponte "in the event that [plaintiff] believes it can remedy the pleading defects identified by the Court" and finding that prior amendments were not in bad faith or to cause delay, plaintiff did not repeatedly fail to cure deficiencies, and defendant would not be prejudiced).

Here, none of the reasons that would caution against allowing plaintiff to amend are present. Plaintiff's Amended Complaint was not filed in bad faith or to cause delay.

Nor, contrary to defendants' argument, has plaintiff demonstrated repeated failures to cure deficiencies. Woodlands Defendants contend that plaintiff has been made aware of the deficiencies in her complaint, and yet, even her Amended Complaint failed to cure the deficiencies. Mot. 5. And thus, defendants argue, leave to amend is not warranted. Woodlands Defendants are correct that plaintiff once amended her complaint following the Court's Order on defendants' first request for a pre-motion conference on an anticipated motion to dismiss, Mot. for Pre-Motion Conference, ECF No. 15. *See* Docket Entry dated January 24, 2025. However, plaintiff has not had an opportunity to amend her complaint in light of the Court's direction as to the specific deficiencies in her complaint. *See generally* Mem. & Order on Mots. to Dismiss. Thus, plaintiff has not shown a repeated inability to cure established deficiencies in her allegations warranting reconsideration of the Court's Order.

As to prejudice, Woodlands Defendants argue amendment would be unfair and inequitable to them. Mot. 6. Specifically, defendants argue that amendment is futile and they should not be forced to face "the prospect of a Second Amended Complaint after

3

providing [p]laintiff every opportunity available to date to cure her pleadings." Mot. 6. However, as stated above, plaintiff has not repeatedly shown an inability to cure the defects identified by the Court. Further, defendants fail to argue any prejudice "by virtue of allow[ing] the amendment." *Jackson*, 88 F. Supp. 3d at 139.

Woodlands Defendants' alternative request to require plaintiff to seek leave to amend is denied given amendment is not clearly futile. *See Coniglio v. Cucuzza*, 345 F.R.D. 372, 377–78 (E.D.N.Y. 2024) (finding defendants have not met their burden of demonstrating that leave to amend would be futile as "the burden of proving futility rests on the party opposing the amendment").

In sum, Woodlands Defendants have not articulated any reason sufficient to warrant partial reconsideration of the Court's Order.

## CONCLUSION

Accordingly, Woodlands Defendants' motion for partial reconsideration is **DENIED**. Plaintiff's deadline to amend her complaint remains April 30, 2026.

**SO ORDERED.**

 */s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated:       April 28, 2026
             Brooklyn, New York